UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT A. JOHNSON,

          Petitioner,

Case No. 2:21-cv-12877

HONORABLE STEPHEN J. MURPHY, III

v.

STATE OF MICHIGAN,

          Respondent.
_____/

**OPINION AND ORDER
SUMMARILY DISMISSING PETITION [1]
AND DENYING CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Robert A. Johnson, Jr., a state prisoner in the custody of the Michigan Department of Corrections, filed a pro se habeas corpus petition under 28 U.S.C. § 2254. ECF 1. Petitioner challenged his Michigan convictions for resisting or obstructing a police officer, Mich. Comp. Laws § 750.81d(1), and allowing a dog to stray off-leash, Mich. Comp. Laws § 287.262. *Id.* at 1. Because Petitioner completed his sentences for the convictions before he filed his habeas petition, he is not 'in custody' under the habeas statutes and the Court lacks jurisdiction to address his claims. Accordingly, the Court will summarily dismiss the petition.

**BACKGROUND**

In 2017, Ontonagon County Deputy Sheriff Emily Rady was dispatched to a clinic because there had been two incidents involving an at-large dog. *Michigan v. Johnson*, No. 343882, 2020 WL 448302, at *1 (Mich. Ct. App. Jan. 28, 2020) (per

curiam). Rady found the dog on Petitioner's front porch and asked Petitioner about the dog's owner. *Id.* Petitioner responded that the dog was "a free spirit" and that "you can't own a spirit." *Id.* Rady explained that a dog which is not owned or registered is considered a stray and must be taken to an animal shelter. *Id.* After Petitioner told Rady to take the dog, Rady began to walk the dog to her vehicle. *Id.* Petitioner apparently changed his mind and proceeded to tell his children to get the dog and to call the dog into his house. *Id.*

By this time, Rady had picked up the dog. *Id.* Petitioner then tried to take the dog from Rady, and, according to some witnesses, he swung his arms at Rady and touched the dog. *Id.* Petitioner's actions caused the dog to jump away. *Id.* Rady took Petitioner into custody for assaulting or resisting an officer and placed him in her vehicle. *Id.* While they waited for Petitioner's wife to arrive home and watch the children, Petitioner yelled and kicked at the windows from inside Rady's patrol vehicle. *Id.*

Petitioner represented himself at trial and a jury found him guilty of one count of resisting or obstructing a police officer and one count of allowing a dog to stray off leash. *Id.*; ECF 1, PgID 1–2. In April 2018, he was sentenced to twelve months in jail for the resisting-or-obstructing conviction and three months in jail for the stray dog conviction. ECF 1, PgID 1; *Johnson*, 2020 WL 448302, at *1.

Petitioner appealed his convictions as of right, raising several claims about the jury instructions, the sufficiency of the evidence, his standby attorney, the prosecutor, and his sentence. *Johnson*, 2020 WL 448302, at *1–5. The Michigan Court of Appeals

2

affirmed the convictions but declined to address the sentencing issues because Petitioner had already served his sentences in their entirety, and his sentencing challenges were therefore moot. *Id.* at *5. In September 2020, the Michigan Supreme Court denied Petitioner leave to further appeal in state court. *See Michigan v. Johnson*, 506 Mich. 891 (2020).

In November 2021, Petitioner filed the present habeas petition. ECF 1. Petitioner raised four grounds for relief: (1) violation of his Fifth Amendment right to be free from self-incrimination; (2) violation of his Fourth Amendment right to be free from unreasonable searches and seizures; (3) violation of his Fourteenth Amendment rights to due process and equal protection; and (4) that Rady's body camera malfunctioned despite the body camera being an essential piece of equipment. *Id.* at 5–11.

## LEGAL STANDARD

Federal district courts must summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. A federal district court may not adjudicate a habeas petitioner's claims unless the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The 'in custody' "language is jurisdictional," and Petitioner "bears the burden of establishing the existence of jurisdiction." *Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018) (citations omitted).

The Supreme Court has interpreted the 'in custody' language in § 2254(a) to require "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). The Supreme Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* at 491 (emphasis in original).

Although the Supreme Court has "liberally construed the 'in custody' requirement for purposes of federal habeas, [the Court] ha[s] never extended ['custody'] to the situation where a habeas petitioner suffers no present restraint from a conviction." *Id.* at 492. And a habeas petitioner does not remain 'in custody' under a conviction after the sentence imposed has fully expired even if there is a "possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Id.*

## DISCUSSION

Simply put, Petitioner was not 'in custody' for the resisting-or-obstructing conviction or the stray dog conviction when he filed his petition, so the Court may not consider the petition. *Hautzenroeder*, 887 F.3d at 740 (citing *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001)). Although Petitioner is currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, public records maintained by the Michigan Department of Corrections show that he is serving a sentence of six to thirty years for retaliating against a witness. Exhibit 1. He is therefore not in custody

4

for the convictions challenged in his petition. *See id.* In fact, Petitioner had already served the entirety of his sentences by the time the Michigan Court of Appeals issued the January 2020 decision on direct appeal. *Johnson*, 2020 WL 448302, at *5. Because Petitioner is no longer 'in custody' for the convictions he challenged in the petition, the Court will summarily dismiss the petition.

## CONCLUSION

To appeal the Court's decision, Petitioner must obtain a certificate of appealability. Rule 11 of the *Rules Governing Section 2254 Cases in the United States District Courts*. To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (cleaned up). The Court will deny a certificate of appealability because jurists of reason would not debate the Court's ruling that Petitioner is not 'in custody' for the convictions that he challenged and that the Court cannot therefore consider his § 2254 petition. *Id.*

The Court will also deny Petitioner leave to appeal in forma pauperis because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is summarily **DISMISSED**.

5

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: April 12, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 12, 2022, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager

# EXHIBIT 1

![MDOC Department of Corrections - Michigan.gov]

## BIOGRAPHICAL INFORMATION



**ROBERT ARTHUR JOHNSON JR.**
Image Date: 8/20/2020

| | |
|---|---|
| MDOC Number: | 978553 |
| SID Number: | 4268547H |
| Name: | ROBERT ARTHUR JOHNSON JR. |
| Racial Identification: | White |
| Gender: | Male |
| Hair: | Brown |
| Eyes: | Brown |
| Height: | 5' 10" |
| Weight: | 200 lbs. |
| Date of Birth: | 12/15/1971  (50) |

## MDOC STATUS

| | | | |
|---|---|---|---|
| Current Status: | Prisoner | Earliest Release Date: | 10/18/2025 |
| Assigned Location: | Thumb Correctional Facility | Maximum Discharge Date: | 10/18/2049 |
| Security Level: | II | | |

## MARKS, SCARS & TATTOOS

Tattoo- Center Left Forearm - Tribal Sagitarius

Tattoo- Center Left Hand - Cannabis leaf folded to form a middle finger (full color)

Tattoo- Center Right Forearm - THC molecule and pic of actual bud I grew.

Tattoo- Center Right Hand - Cannabis leaf folded to form a middle finger (full color)

Tattoo- Center Right Wrist - Knarly cannabis vine strangling "FOP" and breaking free of hand cuffs

## ALIASES

ROBERT JOHNSON

ROBERT ARTHUR JOHNSON

## PRISON SENTENCES

### ACTIVE

#### Sentence 1

| | | | |
|---|---|---|---|
| Offense: | Witnesses-Retaliating Against | Minimum Sentence: | 6 years 0 months 0 days |
| MCL#: | 750.1228 / 769.12 | Maximum Sentence: | 30 years 0 months |
| Court File#: | 190000000043-FH | Date of Offense: | 05/29/2019 |
| County: | Ontonagon | Date of Sentence: | 06/05/2020 |
| Conviction Type: | Jury | | |

### INACTIVE

## PROBATION SENTENCES

### ACTIVE

None

### INACTIVE

Sentence 1

| | | | |
|---|---|---|---|
| Offense: | Police Officer - Fleeing - Third Degree - Vehicle Code | Minimum Sentence: | |
| MCL#: | 257.602A3A | Maximum Sentence: | 2 years 0 months |
| Court File#: | 15107-FH | Date of Offense: | 10/18/2015 |
| County: | Ontonagon | Date of Sentence: | 05/06/2016 |
| Conviction Type: | Jury | Discharge Date: | 01/18/2017 |
| Discharge Reason: | Conviction Reversed by Court | | |

## SUPERVISION CONDITIONS

None

Michigan.gov Home   |   MDOC Home   |   Site Map   |   Escapee/Absconder Tips   |   State Web Sites   Accessibility Policy   |   Privacy Policy   |   Link Policy   |   Security Policy

Copyright © 2001-2022 State of Michigan